UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ALBERTO CASAS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-10-333 |
| | § | |
| LIBERTY INSURANCE CORPORATION, *et al*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

## ORDER

On this day came on to be considered the Court's sua sponte determination of jurisdiction over the above-styled matter. For the reasons discussed below, the Court finds that it does not have jurisdiction over the above-styled matter and REMANDS this action pursuant to 28 U.S.C. § 1447(c) to the 229th Judicial District, Duval County, Texas, where it was originally filed and assigned Cause Number DC-10-216.

### I.      Factual and Procedural Background

Plaintiff Alberto D. Casas originally filed this suit in state court on September 21, 2010, complaining that Defendants Liberty Insurance Corporation ("Liberty") and Larry Wilson mishandled Plaintiff's workers' compensation claim. Plaintiff asserts causes of action based on the common-law duty of good faith and fair dealing under Texas Common Law and Labor Code § 416.002  and violation of Texas Insurance Code § 541.  (D.E. 1, Ex. A, ¶ VII.)  Plaintiff served the Original Petition against Defendant on September 22, 2010. (D.E. 1, p. 2.)  On October 21, 2010, Defendant Liberty timely removed this action asserting diversity jurisdiction.  Liberty is incorporated in the State of Illinois with its principle place of business in Boston, Massachusetts. However, Defendant Larry Wilson is an individual who resides in Garland, Dallas County,

Texas.  Plaintiff is also a citizen and resident of Texas.  (D.E. 1 p. 3.)  On October 25, 2010, Defendant Liberty filed a motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), alleging that Plaintiff failed to exhaust his administrative remedies as mandated by the Texas Workers' Compensation Act.

## II.     Discussion

### A.     General Removal Principles

A defendant may remove an action from state court to federal court if the federal court possesses subject matter jurisdiction over the action. 28 U.S.C. § 1441(a); see Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). The removing party, as the party seeking the federal forum, bears the burden of showing that federal jurisdiction is proper. See Manguno, 276 F.3d at 723. "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." Id.

When the alleged basis for federal jurisdiction is diversity under 28 U.S.C. § 1332, the removing defendant has the burden of demonstrating that there is: (1) complete diversity of citizenship; and (2) an amount-in-controversy greater than $75,000. See 28 U.S.C. § 1332(a). A district court generally "cannot exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship as any one of the defendants." Corfield v. Dallas Glen Hills LP, 355 F.3d 853, 857 (5th Cir. 2003).

In this action, complete diversity is lacking because both Plaintiff Casas and Defendant Larry Wilson are Texas citizens. See Corfield, 355 F.3d at 857.  Removing Defendant Liberty argues the Court should disregard Defendant Wilson's citizenship because he has been improperly joined to defeat diversity given that there is "no reasonable basis for predicting" that

the plaintiff will be able to establish a cause of action against Wilson in state court. (D.E. 1 p. 3-4.)

### B. Fraudulent Joinder

A district court may disregard the defendant's citizenship if the defendant is fraudulently joined in the action. See Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 572-573 (5th Cir. 2004). The burden is on the removing party "to prove that the joinder of the in-state parties was improper — that is, to show that sham defendants were added to defeat jurisdiction." Id. at 575. "[T]he burden of proving fraudulent joinder is a heavy one." McKee v. Kan. City S. Ry. Co., 358 F.3d 329, 337 (5th Cir. 2004). "Merely to traverse the allegations upon which the liability of the resident defendant is rested, or to apply the epithet 'fraudulent' to the joinder, will not suffice: the showing must be such as compels the conclusion that the joinder is without right and made in bad faith." Chesapeake & O. R. Co. v. Cockrell, 232 U.S. 146, 152 (1914).

The Fifth Circuit has "recognized two ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." Smallwood, 385 F.3d at 573 (internal citations and quotation marks omitted).

To determine if Plaintiff has established a cause of action against the non-diverse party, the court must "evaluate all factual allegations in the plaintiff's state court pleadings in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff." Rodriguez v. Sabatino, 120 F.3d 589, 591 (5th Cir. 1997). The court must also "examine relevant state law and resolve all uncertainties in favor of the nonremoving party." Id. After weighing the factual allegations and legal uncertainties in favor of the Plaintiff, the court

may find fraudulent joinder only if "the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant." Smallwood, 385 F.3d at 573.

In this case, Defendant Liberty claims Wilson was fraudulently joined because there is no possibility Plaintiff will be able to establish a cause of action against Wilson under Texas state law. (D.E. 1, p. 3.) To determine if Defendant Wilson was fraudulently joined, this Court will evaluate Plaintiff's claims to see if there is any possibility of success against Wilson under Texas law.

      C.      **Plaintiff's Claim Under Texas Insurance Code §541**

Plaintiff claims that Defendants Liberty and Wilson violated § 541 of the Texas Insurance Code. To assert a private § 541 cause of action, a plaintiff "must be (1) a 'person,' as defined by [§ 541] and (2) injured by another's act or practices declared to be unfair or deceptive." Crown Life Ins. Co. v. Casteel, 22 S.W.3d 378, 383 (Tex. 2000); see Tex. Ins. Code § 541.151. The Texas Supreme Court has found that "'person' is defined broadly." Casteel, 22 S.W.3d at 383; see Farmers Group, Inc. v. Lubin, 222 S.W.3d 417, 422 (Tex. 2007) ("[A]ny person may file suit for damages."). The Texas Supreme Court, in Garrison, held that Section 541 "provides a cause of action against insurance company employees whose job duties call for them to engage in the business of insurance." Liberty Mut. Ins. Co. v. Garrison Contrs., 966 S.W.2d 482, 484, 487 (Tex. 1998); see Tex. Ins. Code § 541.002; Casteel, 22 S.W.3d at 384 ("[A]n agent may be personally liable . . . for deceptive acts notwithstanding the fact that he acted within the scope of his employment."). The Texas Supreme Court excluded from § 541 liability only those employees who have "no responsibility for the sale or servicing of insurance policies and no special insurance expertise, such as a clerical worker or janitor." Garrison, 966 S.W.2d at 486.

To determine if Defendant Wilson may be personally liable to Plaintiff under the Insurance Code, the Court must first analyze whether Wilson is an insurance company employee whose job duties require him to "engage in the business of insurance." See id. at 487.  The complaint alleges that Wilson is licensed by the State of Texas as an insurance adjustor and that, as such, "he has knowledge of the duties of an insurance adjustor to conduct a reasonable investigation prior to determining the level of benefits available to an injured beneficiary." (D.E. 1, Ex. A, p. 3.)   Plaintiff alleges that "Mr. Wilson, while in the services of Defendant Liberty either intended to defraud Plaintiff of his proper level of benefits or he failed to conduct a reasonable investigation of the extent of Plaintiff's injuries." (D.E. 1, Ex. A, p. 3.)  Employees that fail to properly adjust insurance claims are liable under § 541. See Cornman, 2001 U.S. Dist. LEXIS 24472 at *12 ("[A]n insurance company employee who adjusts claims is within the ambit of the people 'engaged in the business of insurance,' and thus can be sued individually"). Liberty makes no claim that Wilson has "no special insurance expertise," or that he has "no responsibility for the sale or servicing of insurance policies."  See Garrison, 966 S.W.2d at 484, 486.  Thus, Liberty has failed to show that Wilson is not a "person" as defined by § 541.

Next, the Court must determine whether Plaintiff was harmed by an unfair insurance practice actionable under § 541.  See Casteel, 22 S.W.3d at 383.  Section 541.003 "prohibits any person from engaging in deceptive trade practices in the insurance business." Garrison, 966 S.W.2d at 484; see Tex. Ins. Code § 541.003 ("A person may not engage in . . . a trade practice that is . . . an unfair method of competition or an unfair or deceptive act or practice in the business of insurance."); Cornman, 2001 U.S. Dist. LEXIS 24472 at *12 ("The Texas Insurance Code provides an extensive list of acts or practices forbidden as unfair or deceptive.")

Liberty contends that Plaintiff's petition alleges only "boilerplate violations of the Texas Insurance Code" and that Plaintiff has not pled any factual allegations regarding Defendant Wilson that form the basis of any cause of action against him individually." (D.E. 1, p. 4.) However, Plaintiff specifically alleges that on November 14, 2008, Wilson "took it upon himself to limit the extent of Plaintiff's injuries without conducting a reasonable investigation" by filing a statement stating that Plaintiff's injuries were limited to certain injuries; that "[n]o other condition naturally resulted from or was affected by the original incident"; and that "[a]ll other injuries …[were to be] denied as not resulting from the compensable injury or accident." (D.E. 1, Ex. A, p. 3-4.) Plaintiff further alleges that "the legal effect and intent" of Wilson's denial of benefits to Plaintiff "was to deceive Plaintiff into believing that Plaintiff would be entitled to the medical treatment and benefits for the full extent of injuries caused by the compensable injury, and that Plaintiff would instead only be entitled to medical benefits limited to the sole diagnoses codes listed." (D.E. 1 p. 4.) Plaintiff alleges that "[t]his deceptive representation was calculated to, and did, in fact, cause Plaintiff a great deal of emotional and physical harm because his injuries required timely medical treatment to which he was denied and have contributed to, if not caused, his permanently disabled conditions." (D.E. 1 p. 4.) These allegations against Wilson, if true, could amount to engaging in deceptive trade practices in the insurance business in violation of § 541.003. See Tex. Ins. Code § 541.003; Garrison, 966 S.W.2d at 484; Cornman, 2001 U.S. Dist. LEXIS 24472 at *12.

Considered in the light most favorable to the Plaintiff, this Court finds that Plaintiff's allegation that Defendant Wilson failed to investigate and resolve Plaintiff's claim, as well as Plaintiff's allegations that Wilson engaged in unfair insurance practices, demonstrate that there is a possibility Plaintiff may bring a successful § 541 claim against Wilson. See Cornman, 2001

U.S. Dist. LEXIS 24472 at *5,12 (finding agent that allegedly "failed to fully and properly investigate Plaintiffs' claim" may be liable under Insurance Code § 541).  Thus, this Court finds that Defendant Wilson was not fraudulently joined to this action and that this Court lacks subject matter jurisdiction over this matter given that both Plaintiff and Wilson are citizens of Texas.

### III.  Conclusion

For the reasons stated above, this Court determines that it does not have subject matter jurisdiction over the above-styled action. This case is hereby REMANDED pursuant to 28 U.S.C. § 1447(c) to the 229th Judicial District, Duval County, Texas, where it was originally filed and assigned Cause Number DC-10-216.

SIGNED and ORDERED this 28th day of October, 2010.

						_____
						Janis Graham Jack
						United States District Judge